Suzanne KING, Plaintiff—Appellant,

v.

U.S. FEDERAL DRUG ADMINISTRATION; United States of America; United States Department of Health and Human Resources, Defendants—Appellees.

No. 01–16509.

D.C. No. CV–99–04437–SI.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002*.

Decided May 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.[**]

MEMORANDUM[***]

Suzanne King appeals the dismissal for lack of subject matter jurisdiction of her action against the Food and Drug Administration ("FDA") for negligence in approving the medical device "Seprafilm." On appeal, King argues (1) dismissal was improper because the FDA's actions fell outside the *discretionary function* exception to the Federal Tort Claims Act ("FTCA"); (2) her Seventh Amendment right to a jury trial was violated; (3) the district court improperly considered affidavits in granting defendants' motion to dismiss; and (4) she should be allowed further leave to amend her complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the factual and procedural details of the case, we will not detail them here except as necessary.

King first argues that the district court erred in concluding that the FDA's premarket approval of Seprafilm fell within the discretionary function exception to the FTCA. "A district court's determination that it lacks subject matter jurisdiction under the FTCA and a district court's application of the *discretionary function* exception are ... reviewed *de novo*."

*Marlys Bear Medicine v. United States ex rel. Sec'y of Dept. of Interior,* 241 F.3d 1208, 1213 (9th Cir.2001). An action can be brought against the United States only to the extent that the government waives its sovereign immunity. *Valdez v. United States,* 56 F.3d 1177, 1179 (9th Cir.1995). While the FTCA allows tort claims to be brought against the United States for the negligent conduct of its employees, 28 U.S.C. §§ 2671–80, section 2680 provides for exceptions in which the United States has not waived its sovereign immunity and thus may not be sued. One of these, the discretionary function exception, 28 U.S.C. § 2680(a), "insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Berkovitz v. United States,* 486 U.S. 531, 537, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).

Application of the discretionary function exception involves a two part test. We first consider whether the action is a matter of choice for the agency; that is, whether "a federal statute, regulation, or policy specifically prescribes a course of action" that was not followed. *Berkovitz,* 486 U.S. at 536, 108 S.Ct. 1954. While King alleges that FDA violated numerous laws and regulations, she does not point to any specific regulation or statute that *mandates* certain conduct with which the FDA did not comply. Rather, she alleges that the FDA violated the entirety of 21 C.F.R. §§ 800–900. Such a shotgun approach is insufficient to show that the FDA "ha[d] no rightful option but to adhere to [a] directive." *Berkovitz,* 486 U.S. at 536, 108 S.Ct. 1954. We therefore agree with the district court that the FDA's decision to approve Seprafilm in-

[**] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

volved judgment and choice on the FDA's part.

The second part of the test requires us to consider whether FDA approval of medical devices is an activity "of the kind that the discretionary function exception was designed to shield." *Id.* Congress empowered the FDA to subject Class III devices such as Seprafilm "to premarket approval to provide reasonable assurance of [their] safety and effectiveness." 21 U.S.C. § 360c(a)(1)(C). It seems clear to us that FDA decisions concerning pre-market approval of medical devices such as Seprafilm "involve[ ] the permissible exercise of policy judgment" that the discretionary function exception exists to protect. *Berkovitz,* 486 U.S. at 537, 108 S.Ct. 1954. The district court was therefore correct that the FDA's acts were discretionary under 28 U.S.C. § 2680(a), and the court therefore lacked jurisdiction over King's claim.

King next argues that her Seventh Amendment right to a jury trial has been violated. We review entitlement to a jury trial de novo. *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998). "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). King's claim is therefore without merit.

King next argues that the district court erred in considering affidavits offered by defendants in dismissing for lack of subject matter jurisdiction. Questions relating to subject matter jurisdiction are reviewed de novo. *McBride v. PLM Int'l Inc.,* 179 F.3d 737, 748 (9th Cir.1999). "[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir.1996) (internal quotation marks omitted). The district court therefore did not err in considering the affidavits.

Finally, King argues that she should be allowed to further amend her complaint. "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996). King filed three complaints below, the last of which was filed following explicit instructions by the district court. We agree with the district court that further amendment would in this case be futile.

AFFIRMED.